FILED
CLERK, U.S. DISTRICT COURT

MAY   9 2014

CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

KY NGUYEN,[1]

               Plaintiff,

          vs.

NICOLE SHARP et al.,

               Defendants.

)  Case No. SACV 14-0630-UA (DUTYx)
)
)
)  ORDER SUMMARILY REMANDING
)  IMPROPERLY REMOVED ACTION
)
)
)
)
)
)

      The Court hereby summarily remands this unlawful-detainer action to state court because Defendant Steven Dietrich removed it improperly.

      On April 21, 2014, Defendant, having been sued in a routine unlawful-detainer action in California state court, lodged a Notice of Removal of that action to this Court and also presented an application to proceed in forma pauperis. The Court has denied the latter under separate cover because the action was not properly removed. The Court also issues this order remanding the action to state court to prevent it from remaining in

---

[1]Defendant misspells Plaintiff's last name as "Nugyen" in his Notice of Removal and related documents.

1

1  jurisdictional limbo.  Remand is necessary because Plaintiff
2  could not have brought this action in federal court in the first
3  place, and Defendant does not competently allege facts supplying
4  either diversity or federal-question jurisdiction.  Therefore,
5  Defendant's removal is improper.  28 U.S.C. § 1441(a); see Exxon
6  Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 563, 125 S.
7  Ct. 2611, 2623, 162 L. Ed. 2d 502 (2005).

8       Even if complete diversity of citizenship exists, the amount
9  in controversy does not exceed the diversity-jurisdiction
10  threshold of $75,000.  See 28 U.S.C. §§ 1332, 1441(b).  On the
11  contrary, the unlawful-detainer Complaint indicates that the
12  amount in controversy "does not exceed $10,000" (Compl. at 1),
13  and Plaintiff requests past-due rent of $775 and actual damages
14  of $59.17 a day from March 1, 2014, through the date of entry of
15  judgment (id. at 3).

16       Plaintiff's unlawful-detainer action also fails to raise any
17  federal legal question.  See 28 U.S.C. §§ 1331, 1441(a).  To the
18  extent Defendant asserts that federal-question jurisdiction
19  exists because he plans to assert some sort of defense under the
20  Protecting Tenants at Foreclosure Act, 12 U.S.C. § 5220 (see
21  Notice of Removal at 3-4), it is well established that a suit
22  "arises under" federal law within the meaning of § 1331 "only
23  when the plaintiff's statement of his own cause of action shows
24  that it is based upon federal law."  Vaden v. Discover Bank, 556
25  U.S. 49, 60, 12 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009)
26  (alteration and internal quotation marks omitted).  Federal
27  jurisdiction "cannot be predicated on an actual or anticipated
28  defense," nor can it rest upon "an actual or anticipated

1  counterclaim." <u>Id.</u>  Because the Complaint on its face alleges
2  only an unlawful-detainer action under state law, no basis for
3  federal-question jurisdiction exists. <u>See</u> <u>HSBC Bank USA, N.A. v.</u>
4  <u>Bryant</u>, No. 09-CV-1659-IEG (POR), 2009 WL 3787195, at *3 (S.D.
5  Cal. Nov. 10, 2009) (remanding unlawful-detainer action because
6  "no basis for 'federal question' jurisdiction" existed despite
7  defendant's assertion of federal counterclaims).

8      Accordingly, IT IS ORDERED that (1) this matter be REMANDED
9  to the Orange County Superior Court, Central Justice Center, 700
10 Civic Center Drive West, Santa Ana, California 92701, for lack of
11 subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2)
12 the Clerk send a certified copy of this Order to the state court;
13 and (3) the Clerk serve copies of it on the parties.

14
15 DATED: ___4/28/14___
16                                      GEORGE H. KING
                                        CHIEF U.S. DISTRICT JUDGE
17
18 Presented by:

19
20 Jean Rosenbluth
   U.S. Magistrate Judge
21
22
23
24
25
26
27
28